72 F.3d 136
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert F. OLSON, Defendant-Appellant.
 No. 94-30387.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 13, 1995.
Decided Dec. 15, 1995.
 
 Before: WRIGHT, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant argues that there was insufficient evidence to show that the firearm satisfied the "in or affecting commerce" element of the crime. The brief gives three one line arguments.
 
 
 3
 Although the brief says that the BATF agent should not have been allowed to give opinion testimony about where the firearm was manufactured, in order to show that it crossed a state or international border to come into Alaska, it does not explain why not. The district court's evidentiary rulings are reviewed by this court for abuse of discretion. U.S. v. Blaylock, 20 F.3d 1458 (9th Cir.1994). We see no apparent defect in the foundation to show that the witness's "specialized knowledge [would] assist the trier of fact." Fed.R.Evid. 702. U.S. v. Lennick, 18 F.3d 814 (9th Cir.1994), the case appellant apparently cites (the pages and series number are different in the brief), offers no apparent support for the argument.
 
 
 4
 Appellant says that hearsay was improperly admitted concerning the origin of the firearm, but offers no argument to explain what the error was. The witness's use of "Shooter's Bible" and "Gun Trader's Guide" as sources for his opinion was not inadmissible hearsay. If the books were hearsay, the witness could nevertheless use them under Federal Rule of Evidence 703. They were in any event admissible, as the district court said, under Rule 803(17). Again, we are unable to find anything in the case which appellant cites, Blaylock, 20 F.3d at 1462, that advances the argument.
 
 
 5
 Appellant's third argument is that the jury instruction was wrong. The excerpt of record contains the wrong thing, the instruction which the judge originally proposed, instead of the one he gave after considering appellant's objection. Appellant asked for an instruction saying:
 
 
 6
 In order for the defendant to be found guilty of the crime with which he is charged, it is incumbent upon the Government to demonstrate a connection between possession of the firearms and interstate commerce. The government must prove beyond a reasonable doubt that the firearm possessed by a convicted felon had previously travelled in interstate commerce.
 
 
 7
 The court gave an instruction stating the commerce element in plain English, without the confusing "demonstrate a connection" language appellant asked for:
 
 
 8
 The defendant is charged in Count II of the indictment with being a felon in possession of a firearm. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
 
 
 9
 First, the defendant knowingly possessed a firearm;
 
 
 10
 Second, that prior to his possession it had been shipped or transported from outside the State of Alaska into the State of Alaska; and
 
 
 11
 Third, that at the time the defendant possessed the firearm, the defendant had been previously convicted of the crime of Burglary in the First Degree by the State of California.
 
 
 12
 The judge formulated the instruction in concrete terms telling the jury what it had to decide in the context of the particular case, a helpful device for assuring an accurate verdict. The district court's formulation of jury instructions is reviewed for abuse of discretion. U.S. v. Woodley, 9 F.3d 774, 780 (9th Cir.1993). This customized instruction was a sensible exercise of discretion. We are again unable to find anything at appellant's citation, United States v. Peralta, 941 F.2d 1003, 1008 (9th Cir.1991), which advances appellant's argument. At oral argument, appellant's attorney suggested that the recent Supreme Court decision in United States v. Lopez, 115 S.Ct. 1624 (1995), caused some problem with the formulation of the instruction, but she did not explain what problem there was, and none is apparent to us.
 
 
 13
 Appellant urges that the evidence was insufficient to show that the firearm was "in or affecting commerce." When reviewing the sufficiency of evidence to support a criminal conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979) (emphasis in original). Rational jurors could have concluded that even if the BATF agent's knowledge was spotty and the commercial sources he used inaccurate, still, the firearm was not made in Alaska and had to have travelled in interstate commerce to get to Alaska.
 
 
 14
 We do not reach appellee's inaccurate argument that concurrent sentences make it unnecessary to review sufficiency of the evidence. The government cited a 1977 case, United States v. Monroe, 552 F.2d 860, 865 (9th Cir.1977) for the proposition. We rejected this doctrine in 1984 in U.S. v. De Bright, 730 F.2d 1255, 1260 (9th Cir.1984) (en banc), a case which the government failed to cite.
 
 
 15
 At oral argument, appellant's attorney withdrew appellant's challenge to the sentence, argument (B). His attorney conceded that controlling authority barred the argument. See United States v. Becker, 919 F.2d 568, 571-72 (9th Cir.1990).
 
 
 16
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3