

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-21-2003

# USA v. Woods

Precedential or Non-Precedential: Precedential

Docket 01-3565

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Woods" (2003). *2003 Decisions.* Paper 819.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/819

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

        Filed January 21, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-3565

UNITED STATES OF AMERICA,

v.

NAFIS WOODS,
a/k/a DARNELL BENNETT,
        Appellant

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Criminal No. 00-cr-00273-2)
District Judge: The Honorable Robert F. Kelly

Submitted Under Third Circuit LAR 34.1(a)
November 4, 2002

Before: BECKER, Chief Judge, McKEE and
HILL* Circuit Judges.

(Filed: January 21, 2003)

_____

* The Honorable James C. Hill, United States Circuit Judge for the
Eleventh Circuit Court of Appeals, sitting by designation.

        PATRICK L. MEEHAN
        United States Attorney

        LAURIE MAGID
        Deputy United States Attorney for
        Policy and Appeals

        ROBERT A. ZAUZMER
        Assistant United States Attorney
        Senior Appellate Counsel

        TERRI A. MARINARI
        Assistant United States Attorney
        Office of United States Attorney
        615 Chestnut Street
        Philadelphia, PA 19106

        Counsels for Appellee
        United States of America

        PAUL J. HETZNECKER
        Hetznecker & Meehan
        1420 Walnut Street
        Suite 911
        Philadelphia, PA 19102

Counsel for Appellant
Nafis Woods

OPINION OF THE COURT

BECKER, Chief Judge.

This is an appeal by defendant Nafis Woods from his conviction in a federal carjacking case, an offense which requires proof that the stolen vehicle was transported in interstate commerce. The government's only evidence of interstate commerce was the testimony of FBI Special Agent Jay Heine, who testified that he was able to trace the minivan's unique vehicle identification number to a manufacturing plant located in Tarrytown, New York, using the database maintained by the National Insurance Crime Bureau. Woods objected to this testimony at trial on the ground that it was inadmissible hearsay, and were he

2

correct, we would be forced to vacate his carjacking conviction. We conclude, however, that the interstate commerce evidence is admissible pursuant to Fed. R. Evid. 803(17), which admits "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations." Because we reject the other arguments that Woods raises in his appeal,[1] we will affirm the judgment.

I. Facts and Procedural History

Mack Pressley, the victim of the crime, was an employee of the Philadelphia Inquirer who, using his 1990 Chevrolet Lumina minivan, delivered newspapers to apartment complexes in the Chestnut Hill section of Philadelphia. While on his paper route, Pressley was held up at gunpoint by two individuals who then stole his minivan. When a police officer stopped the stolen minivan later that day and arrested Woods, the officer removed from the vehicle its Vehicle Identification Number ("VIN"), which he recorded on a police form.

Woods was arraigned before the District Court for the Eastern District of Pennsylvania, where he entered a plea of not guilty to the crime of armed carjacking. At trial, the government offered the testimony of Special Agent Heine to prove that the stolen minivan was involved in interstate commerce, a necessary element of carjacking pursuant to 18 U.S.C. S 2119. Heine, who for four years had been responsible for conducting FBI investigations involving property that is transported or shipped in interstate commerce, explained that every vehicle that is

_____

1. Woods also contests his conviction on four other counts including conspiracy to commit armed carjacking, carrying a semi-automatic

weapon during and in relation to a crime of violence, brandishing a semi-automatic weapon during and in relation to a crime of violence, and possession of a semi-automatic assault weapon by a convicted felon. He argues that we must reverse these convictions because the District Court gave an improper jury instruction regarding conflicting identification testimonies. We find this argument, which is reviewed under a plain error standard, to be plainly without merit.

3

manufactured in the world is given by its manufacturer a unique serial number, known as a VIN number, which consists of seventeen digits. (Supp. App. 555.) He testified that, based on his years of experience, he is familiar with what each of the seventeen digits means to those in the trade. (Id. at 556-57.) In this case, he explained, he was able to consult and rely upon the National Insurance Crime Bureau's national database to determine that the minivan's VIN number traced back to a manufacturing plant located in Tarrytown, New York, a clear indication that the vehicle had been transported in interstate commerce. (Id. at 763.) Woods's counsel objected to this testimony on the ground that it was hearsay falling without any exception, but the Court overruled the objection and admitted Heine's testimony into evidence.

The jury returned a verdict of guilty on the carjacking count. Woods filed no motion for a judgment of acquittal or for a new trial, although he did request a downward departure from the Sentencing Guidelines that the District Court denied after hearing argument. (Supp. App. 755-56.) The Court sentenced Woods to 204 months imprisonment, five years supervised release, and a special assessment of $500. (Id.) Woods appeals on the ground that the evidence was insufficient to support his conviction since the government's only evidence of interstate commerce, Special Agent Heine's testimony, was inadmissible hearsay.

The District Court exercised jurisdiction pursuant to 18 U.S.C. S1321, and we note appellate jurisdiction pursuant to 28 U.S.C. S1291. We review the District Court's evidence ruling for abuse of discretion. See United States v. Tyler, 281 F.3d 84, 98 (3d Cir. 2002).

II. Discussion

The federal carjacking statute requires proof that a vehicle was transported, shipped, or received in interstate commerce. See 18 U.S.C. S2119. The government's only evidence of interstate commerce was the testimony of FBI Special Agent Heine, to which Woods objected on the ground that it was inadmissible hearsay. Federal Rule of Evidence 801 defines hearsay as "a statement, other than

4

one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter

asserted," and Rule 802 further provides that"[h]earsay is not admissible except as provided by these rules."

Woods submits that Heine's testimony was hearsay because he had no personal knowledge of the minivan's origin, and that it fell without any exception. His brief implies that he considers only one exception plausible: that for business records under Rule 803(6). The business records exception allows into evidence data kept in the course of a regularly-conducted business activity, so long as it is the business's regular practice to keep such records and the records themselves indicate no lack of trustworthiness. Fed. R. Evid. 803(6). The problem here, Woods argues, is that while courts admit testimony by government agents who are familiar with the record keeping system, see United States v. Franco, 874 F.2d 1136 (7th Cir. 1989), the government laid no such foundation for Heine.

The government takes no position as to whether Heine's testimony is admissible under Rule 803(6) and/or Rule 807, the residual catchall exception to the hearsay rule. It instead grounds its argument for admissibility in Rule 803(17), which allows into evidence "[m]arket quotations, tabulations, lists, directories, or other published compilations, generally used and relied upon by the public or by persons in particular occupations." Fed. R. Evid. 803(17). Although this Court has not had occasion to comment on this particular hearsay exception, many others have considered it in similar cases. See, e.g., United States v. Goudy, 792 F.2d 664, 674 (7th Cir. 1986) (admitting a bank directory showing the "routing number" prefix for Los Angeles); United States v. Olson, 1995 WL 746177 at *1 (9th Cir. 1995) (admitting a "Gun Trader's Guide" that indicated where a firearm was manufactured); United States v. Pezzulo, 4 F.3d 1006 (1st Cir. 19993) (admitting the publication "County Comps," which contained data regarding the monthly listings of properties sold, the sales prices, and the dates the sales were closed).

We believe that Woods might be correct regarding Rule 803(6); certainly, Heine is no custodian of records with

5

personal knowledge of how the NICB compiles and maintains its database. Nevertheless, we need not reach that issue because we conclude that Heine's testimony is admissible under Rule 803(17).2Weinstein's Federal Evidence explains that:

> As with other hearsay exceptions, the admissibility of market reports and commercial publications under Rule 803(17) is predicated on the two factors of necessity and reliability. Necessity lies in the fact that if this evidence is to be obtained, it must come from the compilation, since the task of finding every person who had a hand in making the report would be impossible. Reliability is assured because the compilers

> know that their work will be consulted; if it is
> inaccurate, the public or the trade will cease consulting
> their product.

5 Weinstein's Federal Evidence S 803.19[1] (Matthew Bender
2002). The Federal Rules of Evidence Manual agrees,
explaining that "[t]he Rule does not apply unless the
proponent establishes that the reports are relied upon by
the public or by people in a relevant field." Saltzburg,
Martin & Capra, 4 Federal Rules of Evidence Manual S 803-
74 (8th ed. 2002). We are convinced that the NICB report
upon which Heine relied is both necessary and reliable. It
is necessary because the database is the only practical way
to determine where a particular car was manufactured. It is
reliable because, as Heine testified without objection and

_____

2. The District Court did not mention Fed. R. Evid. 803(17), but there is
good evidence that it contemplated that exception when overruling
Woods's objection. The Court stated: "I'm admitting [Heine's testimony]
because I find that the witness has testified that it's accepted by law
enforcement agencies, relied upon by law enforcement agencies and
others in the industry for the information the VIN number conveys and
to those who know how to read them. And I find that this witness is
competent to give that testimony. I find that it has independent
reliability and I will therefore admit it." (Supp. App. 558-59.) Even if the
District Court did not have Rule 803(17) in mind, however, we may still
base our affirmance on that Rule. See Bernitsky v. United States, 620
F.2d 948, 950 (3d Cir. 1980) ("[I]t is well established that we are free to
affirm the judgment of the district court on any basis which finds
support in the record.").

6

the District Court subsequently found, the database is
accepted and relied upon by those in the industry and by
law enforcement agencies.

We also note that other courts have admitted similar
evidence in similar situations. The facts in Goudy, a
Seventh Circuit case, are particularly analogous to those in
the case at bar. There, the government sought to prove that
certain bank checks traveled in interstate commerce. An
FBI agent with several years' experience in bank
investigations testified that the 1987 volume of Polk's Bank
Directory indicated that banks with the routing prefix "16"
were located in Los Angeles, California. 792 F.2d at 674.
The district court admitted the directory into evidence
pursuant to Fed. R. Evid. 803(17), and the Seventh Circuit
affirmed, holding that an FBI agent "with several years'
experience in banking investigations" could use a directory
of bank routing numbers to show that a particular check
was presented for payment at a bank in California, and
that this evidence was sufficient to demonstrate interstate
transportation. Id. In Woods's case, Heine, an FBI agent
with four years' experience investigating interstate
commerce matters, testified that the NICB database
indicated that the vehicle with the minivan's VIN was
manufactured in Tarrytown, New York. (Supp. App. at 763.)

Because we are satisfied that the NICB database is both necessary and reliable, we conclude that it is precisely the type of evidence that Rule 803(17) envisions. We will therefore approve the District Court's decision to admit Heine's testimony, and hence we will sustain Woods's carjacking conviction. The judgment of the District Court will be affirmed.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit

7