**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49660**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | **Filed: July 20, 2023** |
| Plaintiff-Respondent, ) | |
| ) | **Melanie Gagnepain, Clerk** |
| v. ) | |
| ) | **THIS IS AN UNPUBLISHED** |
| MELODY DEVONNA BOYER, ) | **OPINION AND SHALL NOT** |
| ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jason D. Scott, District Judge.

Judgment of conviction for possession of a controlled substance, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Melody Devonna Boyer appeals from the judgment of conviction finding her guilty of trafficking in heroin, possession of a controlled substance (Suboxone), and possession of drug paraphernalia. Boyer argues the district court erred in admitting evidence of the unopened, intact box with a package label of "Suboxone" and a list of the ingredients pursuant to Idaho Rule of Evidence 803(17) exception to the prohibition against hearsay. The State argues the district court did not err in admitting the evidence but even if it did, the error was harmless. This Court holds that any error in admitting the evidence was harmless and the judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Boyer was driving her boyfriend's pickup truck. Law enforcement performed a traffic stop after Boyer drove past a construction roadblock. Thereafter, the officers searched a bag belonging

1

to Boyer and found an unopened, intact box labeled "Suboxone," which listed the ingredients of Suboxone as "buprenorphine and naloxone." Officers also located a golf-ball-size amount of heroin in a duffle bag that Boyer claimed belonged to her boyfriend.

The State charged Boyer with felony trafficking in heroin, Idaho Code § 37-2732B(a)(6)(B), misdemeanor unlawful possession of a controlled substance, Suboxone, I.C. § 37-2732(c), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Following a jury trial, Boyer was convicted of all three counts; she does not appeal either her conviction for trafficking in heroin or her conviction for possessing paraphernalia. For misdemeanor possession of a controlled substance, Boyer was sentenced to 256 days in jail, with 256 days credit for time served. Boyer appeals.

## II.

## STANDARD OF REVIEW

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

### III.

### ANALYSIS

Boyer argues on appeal the district court erred in finding that the packaging containing the word "Suboxone" and the list of ingredients was admissible pursuant to I.R.E. 803(17) because the packaging label was hearsay evidence regarding the contents of the box. The district court agreed that the package label was likely hearsay, but nevertheless ruled that the evidence was admissible under the "market reports" exception set out in I.R.E. 803(17). The State argues that the district court did not err; the label, as well as the list of ingredients, individually, met the requirements of I.R.E. 803(17) but even if the district court erred in admitting the evidence, any error was harmless in light of Boyer's trial testimony that the Suboxone in the box was hers and she had a prescription for it.

Boyer argues that I.R.E. 803(17) does not apply to a name on a box because a name is not a market quotation, list, directory, or compilation, as required by the rule. Alternatively, Boyer argues that to the extent Suboxone's ingredients, buprenorphine and naloxone, are listed on the package, the "list" would establish that Suboxone is comprised of those two compounds but would not qualify as substantive proof that the box contained those two compounds. Finally, Boyer argues that in order for I.R.E. 803(17) to apply, the proponent must show "necessity and reliability" pursuant to *United States v. Woods*, 321 F.3d 361, 363 (3d Cir. 2003), neither of which was established by the State.

In contrast, the State argues the district court correctly concluded that where "drug packaging that is intact and unopened [includes] a list of ingredients in the package," that list is a "market list within the meaning of Rule 803(17)." Second, the State argues that Boyer failed to preserve a claim that the list of Suboxone's ingredients was irrelevant. To the extent "reliability" and "necessity" are required as predicate facts for admission, the State argues the district court correctly found that pharmaceutical labels are heavily regulated and broadly relied upon within the medical community and, therefore, have sufficient circumstantial guarantees of trustworthiness. Third, the State contends that Boyer's definition of necessity is not supported by the language of I.R.E. 803(17) and reading the rule as Boyer does would lead to absurd results. Finally, the State argues that any error in admitting the evidence was harmless because Boyer testified that she had a prescription for the Suboxone that was found and although she did not know how many Suboxone strips the package contained, she did not disagree that the number was twelve. Consequently, it

was Boyer's testimony, not the package label, that established the substance was Suboxone and that it was hers.

We need not address the evidentiary issue because any error in admitting the label with the word "Suboxone," and the list of ingredients was harmless in light of Boyer's theory of defense and her testimony. Defense counsel told the jury in its opening statement that Boyer was "charged with possession of Suboxone, and the evidence will show that she had a prescription for *that Suboxone*." (Emphasis added.) The Suboxone referenced by defense counsel was the Suboxone found in Boyer's bag. On cross-examination of one of the officers, Boyer clarified that the Suboxone box was found in a flower-print bag, which Boyer later confirmed was hers. When cross-examining the officer who located the Suboxone about whether the officer also located a prescription for Suboxone, the district court asked defense counsel, "I gather when the defendant testifies, she's ultimately going to say she has a Suboxone prescription[?]" Defense counsel answered, "Yes." Thereafter, Boyer objected to State's Exhibit 9, a photograph of the Suboxone box. The district court discussed the objection and whether a limiting instruction would be appropriate. The district court also noted that the State had evidence Boyer admitted she possessed Suboxone and claimed to have a prescription for it. The State indicated that if the district court was inclined to provide a limiting instruction regarding the Suboxone, it would re-call an officer who would testify that Boyer "told [the officer] that that was her Suboxone" and she "had a prescription for it." The district court admitted Exhibit 9 pursuant to I.R.E. 803(17).

During Boyer's direct examination, counsel attempted to introduce two prescriptions for Suboxone. The first was an Idaho prescription dated August 2017 that did not include refills and was no longer valid. The second was a California prescription dated 2020, which had been filled on July 17, 2020, and also did not include refills. The State objected to the admission of both exhibits as irrelevant, and the district court sustained the objection. During her cross-examination, Boyer acknowledged she had previously testified that she had a prescription for the Suboxone *that was found in the vehicle*, did not disagree that the number of Suboxone strips recovered was twelve, and that she asked her boyfriend to print a picture of a Suboxone prescription that was on her phone, "preferably without the dates." Thus, Boyer's testimony established that she knowingly possessed the Suboxone that was found in the vehicle, but she believed the possession was lawful because she had a prescription.

4

Despite her trial testimony, Boyer argues on appeal that absent the Suboxone package label, the State failed to prove beyond a reasonable doubt that the substance in the unopened, intact package was Suboxone because the contents of the Suboxone package were not confirmed by chemical testing and that counterfeit substances exist. Given this lack of proof, Boyer argues that the admission of Exhibit 9 for purposes of establishing that the substance found was Suboxone is not harmless. This Court disagrees. Regardless of whether the contents of the Suboxone package were tested, Boyer's testimony that she knew the substance she possessed was Suboxone was sufficient for the jury to find beyond a reasonable doubt that Boyer possessed Suboxone and any evidence confirming the identity of the substance as Suboxone was merely cumulative of Boyer's testimony.

When weighing the probative force of the record as a whole while excluding the alleged erroneous evidence and at the same time comparing it against the probative force of the error, any error in admitting the packaging label was minimal because even absent the admission of the exhibit with the label, there was sufficient evidence to sustain the conviction. Boyer's theory of defense was that her possession of Suboxone was lawful, she testified she knowingly possessed Suboxone, and the fact that she failed to present evidence rendering her possession lawful does not negate her other admissions. In light of Boyer's testimony, the probative force of the record establishes her guilt beyond a reasonable doubt without the admission of the Suboxone label and, thus, any error admitting the label did not contribute to the verdict rendered and is harmless.

## IV.
## CONCLUSION

Any error in admitting the evidence of the Suboxone packaging was harmless, and Boyer's judgment of conviction for misdemeanor possession of a controlled substance is affirmed.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.

5