# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43967

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2017 Opinion No. 50 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 5, 2017 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| JAMES PATRICK STELL JR., | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Christopher S. Nye, District Judge.

Judgment of conviction for aggravated assault, with a deadly weapon enhancement; malicious injury to property; possession of drug paraphernalia; and carrying a concealed weapon while under the influence, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant. Jenny C. Swinford argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

---

GUTIERREZ, Judge

James Patrick Stell Jr. appeals from his judgment of conviction after a jury returned a guilty verdict for aggravated assault, with a deadly weapon enhancement; malicious injury to property; possession of drug paraphernalia; and carrying a concealed weapon while under the influence. Stell first argues the trial court erred in admitting an audio recording of his arrest into evidence because it was irrelevant and prejudicial. Stell further argues that even if the recording is relevant, the trial court's failure to perform an Idaho Rule of Evidence 403 balancing test constituted an abuse of discretion. Second, Stell maintains admitting an audio recording wherein Stell invokes his right to counsel during his arrest constituted fundamental error. Last, Stell contends the trial court erred by denying his motion for judgment of acquittal on the charge of

1

carrying a concealed weapon while under the influence because the State failed to present sufficient evidence of Stell's intoxication. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

During trial, the State presented testimonial evidence that on March 6, 2015, Stell and the victim began arguing at the victim's house. The argument resulted in Stell leaving the house on foot. The victim followed by car, requesting Stell return. Eventually, the victim drove to a park, while Stell walked to the residence of two friends: a male and a female. Based on Stell's behavior and level of agitation, the male friend believed Stell had been drinking.

Upon arriving at the residence, Stell asked the male friend to take Stell to the gas station to purchase beer. Stell and the two friends drove to the gas station, where Stell bought a 40-ounce bottle of malt liquor. As the three drove back, Stell threw the victim's cellular phone out the window of the van. Officers later found the phone in the street, broken into three pieces. Stell then saw the victim in a parking lot and asked the male friend to pull over. Stell and the victim began arguing, and Stell eventually slammed the victim's passenger door, pointed a gun at the car, and finally got back into the van with the two friends. Both friends testified that Stell was very upset; saying he was going to kill the victim. Additionally, both friends believed Stell had a gun and saw what appeared to be a gun. Moreover, the three aimlessly drove around town because, based on Stell's behavior, the male friend did not want to take Stell to the house where the male friend's two children were.

After observing the interaction at the park between Stell and the victim, a resident across the street called 911. In both her testimony and in the 911 recording, the resident described a man yelling at someone inside a car and pointing a gun at the car as it drove away. Police responded to the 911 dispatch call, searching for a white minivan. Officers eventually found the minivan in front of the two friends' residence. When officers arrived, Stell was inside the house, in the bathroom. As police went to the rear of the residence, Stell emerged from the bathroom window. Stell was handcuffed, read his *Miranda*[1] rights, and placed in a police car.

As the arresting officer gave Stell *Miranda* warnings, Stell interrupted the officer, making various statements, and three times requested a lawyer. The entire exchange was audio recorded

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

and the State sought introduction of a redacted version. Stell objected based on relevance and prejudicial effect. The district court overruled the objection, and the jury listened to the redacted audio recording, including Stell's repeated request for an attorney.

Immediately following Stell's arrest, officers found a pink and black backpack under a pile of dirty clothes inside the bathroom Stell had just crawled from. Both friends testified that no one in their household owned the bag and that they believed it belonged to Stell. The backpack contained rubber gloves, duct tape, zip ties, three smoking pipes, a lighter, a cell phone, ammunition, and a loaded gun.

In addition to witness testimony, the State presented the 911 call reporting Stell's interaction with the victim at the park. The State also presented physical evidence for the jury to consider. The physical evidence included a picture of the vantage point of the 911 caller's house in relation to the park. Additionally, the State presented evidence of the contents of the backpack found in the bathroom, which included three pipes, one testing positive for THC, and a gun in its holster and ammunition. Also presented were pictures of a partially drank malt liquor bottle and pictures of the victim's fractured phone.

Stell did not take the witness stand, and the defense presented no testimonial or physical evidence. Stell filed a motion for judgment of acquittal, under Idaho Rule of Criminal Procedure 29, for carrying a concealed weapon while under the influence, which was denied.

Ultimately the jury returned a verdict of not guilty on the charges of assault with intent to commit murder and grand theft. A verdict of guilty was returned on the lesser included offense of aggravated assault, with an enhancement for use of a deadly weapon, and on the misdemeanors of malicious injury to property, possession of paraphernalia, and carrying a concealed weapon while under the influence. Stell timely appeals from his judgment of conviction.

## II.

## ANALYSIS

### A. Admission of the Audio Recording

At trial, after hearing the officers' testimony regarding Stell's apprehension and arrest, the district court admitted a redacted version of the audio recording of that same interaction.

Stell argues the audio recording is irrelevant and prejudicial.[2] Specifically Stell argues the evidence amounts to improper character evidence and that the district court failed to conduct an Idaho Rule of Evidence 403 balancing analysis. Additionally, Stell argues that admitting the audio recording wherein he requests counsel constitutes fundamental error.

The State argues to the contrary on all issues raised by Stell and further submits that any error in the admission of the audio recording was harmless. In support of its harmless error argument, the State points to the overwhelming evidence presented during trial indicating Stell was guilty of all four offenses. Assuming any errors raised exist, we determine that the harmless error analysis is dispositive of the audio recording evidentiary issue raised.

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Two standards are employed when reviewing alleged errors on appellate review: harmless error and fundamental error. *State v. Perry*, 150 Idaho 209, 227, 245 P.3d 961, 979 (2010). If the alleged error was nonconstitutionally based and was followed by a contemporaneous objection, it shall be reviewed under the harmless error standard. *Id.* In such a case the defendant has the initial duty to establish that such an error occurred, at which point the burden is on the State to prove that the alleged error did not contribute to the verdict obtained. *Id.* at 221, 245 P.3d at 973. If the alleged error was not followed by a contemporaneous objection, it shall be reviewed under Idaho's fundamental error doctrine. *Id.* at 227-28, 245 P.3d at 979-80. An appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record (including information as to whether the failure to object was a tactical decision); and (3) was not harmless. *Id.* at 226, 245 P.3d at 978. Thus, under both standards, the court must ultimately determine if the alleged error was harmless beyond a reasonable doubt.

Stell was convicted of aggravated assault, with an enhancement for firearm use; malicious destruction of property; possession of drug paraphernalia; and carrying a concealed

---

[2]    In the audio recording of Stell's arrest, when informed he was being charged with aggravated domestic assault, Stell denied having a girlfriend, potentially threatened to sue the police officers, challenged the officers to shoot him, and requested a lawyer three times while being Mirandized.

weapon while under the influence. Based on the evidence presented, we are convinced beyond a reasonable doubt that playing the audio recording for the jury, including the portion in which Stell requested a lawyer, did not contribute to the verdict. The jury was provided with overwhelming evidence that Stell threw the victim's phone from the vehicle's window based on the testimony of the two friends, the victim's own testimony, the testimony of the officer who recovered the broken phone, and the photographs of the victim's phone. Likewise, the jury was presented with substantial evidence that Stell possessed drug paraphernalia based on the three pipes found in the backpack and the two friends' testimony that the backpack most likely belonged to Stell. Similarly, based upon the testimony of the male friend stating Stell had been drinking and the male friend did not want Stell around the male friend's children, the testimony of the two officers that Stell smelled of alcohol, and the erratic behavior of Stell throughout the entire episode, the jury was presented with substantial evidence that Stell was under the influence while carrying a concealed weapon. Finally, based upon the 911 caller's testimony, the two friends' testimony, and the recording of the 911 call, the jury was presented with convincing evidence that Stell assaulted the victim by use of a firearm. Thus, it follows that the audio recording in which Stell asks for an attorney and makes various potentially prejudicial statements to the officers would have little to no effect. Significantly, the prosecution had already elicited foundational testimony from the officer relating generally to the contents of the audio recording. Therefore, any errors in the admission of the audio recording of Stell's apprehension, arrest, and invocation of his right to counsel were harmless.

**B.      Denial of Idaho Criminal Rule 29 Motion**

Stell also argues the trial court erred by denying his Idaho Criminal Rule 29 motion for judgment of acquittal for carrying a concealed weapon while intoxicated or under the influence because the State lacked sufficient evidence that Stell was intoxicated or under the influence. The State responds that Stell's behavior combined with police and the male friend's testimony is sufficient for a reasonable juror to find that Stell was intoxicated.

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13,

5

908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Stell concedes there is sufficient evidence that he carried a concealed weapon; however, he contends that there was insufficient evidence that he was intoxicated or under the influence. Stell was charged under Idaho Code § 18-3302B, which provides: "It shall be unlawful for any person to carry a concealed weapon on or about his person when intoxicated or under the influence of an intoxicating drink or drug." Thus, under the terms of the statute, the State must prove not only that the defendant carried a concealed weapon, but also that he was intoxicated or under the influence of drugs or alcohol at the time of the concealed carry. The statute provides no definition for "intoxicated" or "under the influence."

This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219.

Both parties agree the definitions of "intoxication" and "under the influence" provided in Black's Law Dictionary are appropriate definitions. Black's Law Dictionary defines "intoxication" as "a diminished ability to act with full mental and physical capabilities because of alcohol or drug consumption." BLACK'S LAW DICTIONARY 950 (10th ed. 2014). "Under the

6

influence" is defined as "deprived of clearness of mind and self-control because of drugs or alcohol." BLACK'S LAW DICTIONARY 1759 (10th ed. 2014). Accordingly, Stell must have been mentally and/or physically impacted by the consumption of drugs or alcohol.

The State presented sufficient evidence for a reasonable jury to conclude that Stell was intoxicated and/or under the influence. Based on Stell's behavior and level of agitation, the male friend believed Stell had been drinking before Stell first arrived at the house. The male friend drove Stell to the gas station to purchase alcohol. Stell purchased and drank malt liquor prior to being arrested.

Additionally, two officers present at Stell's arrest smelled alcohol on Stell's breath as they handcuffed Stell, after he exited the bathroom attempting to evade the police. Though the arresting officer was unsure of the exact level of intoxication the statute prohibits, the officer could tell Stell had been drinking.[3] To support the belief that Stell was intoxicated, the arresting officer identified the witness statements, the bottle of malt liquor, the odor of alcohol on Stell, and the firearm.

There was also testimony regarding Stell's erratic behavior. Stell was upset and yelling. The nearby resident called 911 and reported that Stell had pointed a gun at a car as it drove away. Based on Stell's condition, the male friend did not want to bring Stell back to the house because the male friend did not want Stell around the male friend's children. Stell crawled out a bathroom window to evade the officers. Stell told the officers to shoot him. Stell made statements regarding suing the officers. Finally, while being handcuffed, Stell told officers he was not wearing any underwear.

Based on the evidence presented, although conflicting, the jury could reasonably find that Stell's mental and physical capabilities were diminished such that he was deprived of clearness of mind and self-control because of his alcohol consumption. Accordingly, the State presented substantial evidence meeting its burden of proving beyond a reasonable doubt that Stell was intoxicated while carrying a concealed weapon. The Court cannot substitute its opinion for that of the jury to determine the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. Therefore, the trial court did not

---

[3] While no field sobriety tests were administered, the arresting officer testified that sobriety tests are only administered when someone is under the age or is driving a vehicle.

7

err in denying Stell's Rule 29 motion for judgment of acquittal on the charge of carrying a concealed weapon while under the influence.

## III.

## CONCLUSION

There was overwhelming evidence in the record for the jury to find that Stell was guilty beyond a reasonable doubt of aggravated assault, with a deadly weapon enhancement; malicious injury to property; possession of drug paraphernalia; and carrying a concealed weapon while under the influence. Therefore, any error the district court may have committed on admission of the audio recording was harmless as it did not affect the outcome of the trial. Further, there was substantial evidence for the jury to find beyond a reasonable doubt that Stell was intoxicated at the time he carried a concealed weapon. Thus, the district court did not err in denying Stell's Rule 29 motion for judgment of acquittal. Accordingly, Stell's judgment of conviction is affirmed.

Chief Judge GRATTON and Judge Pro Tem WALTERS **CONCUR**.