**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47312**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: November 11, 2020** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CARY W. HARTMAN, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Peter G. Barton, District Judge; Hon. Cheri C. Copsey, District Judge.

Judgment of conviction for driving under the influence of drugs or an intoxicating substance, second offense within ten years, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Cary W. Hartman appeals from his judgment of conviction for felony driving under the influence of drugs or an intoxicating substance (DUI), second conviction within ten years. On appeal, Hartman argues the district court erred in allowing the State's forensic scientist to testify by two-way video instead of in-person. The district court did not abuse its discretion in admitting the testimony but even if it did, any alleged error by the district court was harmless. The judgment of conviction is affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hartman was charged with felony DUI (two or more convictions within ten years). Hartman pleaded not guilty and the case was set for trial. Prior to trial, the State moved to allow

1

a forensic scientist in Pocatello to testify by two-way video teleconferencing technology pursuant to Idaho Criminal Rule 43.2. Hartman objected to the motion, arguing that the forensic scientist was a crucial witness who needed to testify in-person for Hartman to receive the full benefit of cross-examination.

The district court held a hearing on the motion. During the hearing, the State argued that the forensic scientist's testimony was going to be dry, straightforward, and "hardly different from the forensic testimony that you see in most cases." The State also argued that requiring the forensic scientist to drive to Boise from Pocatello to be present was unnecessary. Hartman responded that the forensic scientist was "the crucial witness" to prove Hartman had substances in his blood while driving because there had been no field sobriety tests or other testing performed on Hartman to prove he was intoxicated while driving. Hartman argued live testimony was necessary to give the jury a chance to fully assess the forensic scientist's credibility.

During the hearing, the parties referenced both I.C.R. 43.2 and the constitutional test set forth in *Maryland v. Craig*, 497 U.S. 836 (1990). Hartman told the district court that the decision whether to allow the testimony by two-way video was "totally in [the district court's] discretion." The district court asked Hartman, "What do you believe is the test I'm supposed to exercise here, [counsel]? Use of discretion, whether it's reasonable? What's the test?" Hartman answered that it was discretionary but the "predominant factor" to weigh was Hartman's right to cross-examine and confront witnesses and that he wanted the forensic scientist to testify in-person. The district court asked the State if the court was required to make a finding of necessity in order to grant the motion. The State responded that no finding of necessity was required and that there was no necessity in the case; Hartman agreed that the State was not required to show necessity. The State confirmed that the forensic scientist was available to travel and testify in-person and that video testimony was a matter of convenience, not necessity.

The district court noted that the *Craig* opinion set forth a two-part test: first, a finding of necessity; and second, a finding of reliability. Because neither party asserted the court needed to find necessity, the court found the parties were only asking the court to decide if the second prong--reliability--was met. The district court reasoned:

> Both parties are arguing the question of the second test, the reliability of the testimony is otherwise assured. And in a case called *U.S. v. Gigante*, 166 F.3d 75, from the Second Circuit, it says the salutary effects of face-to-face

2

confrontation include: 1, giving of testimony under oath, which would be here; 2, the opportunity for cross-examination, which would be present here; 3, the opportunity of the fact finder to observe the demeanor evidence or the jury to see the witness. That would also be here. And 4, reduce risk the witness will wrongfully implicate against the defendant when testifying in his presence, which is met when the witness can see the defendant. All four parts of that test are met.

Finding that all four elements of the test were met, the district court determined the jury could adequately assess the forensic scientist's credibility over two-way video as permitted by I.C.R. 43.2 and granted the motion.

Following a trial, the jury found Hartman guilty. Hartman admitted to two prior DUI convictions within the last ten years. Hartman was sentenced to a unified sentence of ten years, with two years determinate. Hartman timely appeals.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Hartman argues the district court abused its discretion in two ways when it allowed the State to present forensic testimony via two-way video at trial. First, Hartman asserts the district court abused its discretion by failing to perceive its decision as discretionary. Second, he asserts the district court failed to apply the correct legal standards when it granted the State's motion. Hartman argues the district court incorrectly applied the "rigid constitutional standard from *Maryland v. Craig* rather than a purely discretionary test." In response, the State asserts the district court correctly understood its decision as discretionary and applied the correct legal standards under I.C.R. 43.2 and, thus, did not abuse its discretion. Alternatively, the State asserts that if the district court abused its discretion in granting the motion, no remand is necessary.

Under Idaho Criminal Rule 43.2, the district court has discretion to allow forensic testimony via two-way video so long as the following conditions are met:

3

(1) The court and the forensic scientist must be able to see and hear each other simultaneously and communicate with each other during the proceeding.
(2) The defendant, counsel from both sides, and the forensic scientist must be able to see and hear each other simultaneously and communicate with each other during the proceeding.
(3) A defendant who is represented by counsel must be able to consult privately with defense counsel during the proceeding.

As to the first prong of the abuse of discretion test, the record indicates the district court understood it had discretion to admit or exclude the two-way video testimony pursuant to I.C.R. 43.2. The district court addressed the issue with the parties; both parties made it clear the issue was discretionary and nothing in the appellate record indicates the district court did not perceive the admission of the evidence to be its discretionary decision. Accordingly, this Court finds that the district court correctly perceived the decision to allow the forensic scientist's two-way video testimony as one of discretion.

Further, the record indicates the district court correctly applied the relevant law. Hartman made it clear he was concerned only with the reliability of the two-way video testimony as compared to in-person testimony and concedes on appeal that his challenge is not constitutionally based. Based on the parties' stipulation that they were only addressing the reliability of the testimony, the district court addressed whether the two-way video testimony would provide the same "salutary effects" of in-person testimony. It did so by referencing both the procedural protections under I.C.R. 43.2, as well as the substantive protections set forth in *United States v. Gigante*, 166 F.3d 75 (1999).

Although the district court analyzed additional factors to address Hartman's concerns about the two-way video testimony, it does not mean the district court incorrectly applied the law. The district court noted the elements of I.C.R. 43.2, found those elements were met, and thus, provided the requisite assurance of reliability required under I.C.R. 43.2. The district court then informed the parties it was admitting the testimony pursuant to I.C.R. 43.2. Because the district court correctly understood and applied the elements of I.C.R. 43.2, the record reflects the district court acted consistently with the legal standards applicable to the specific choices before it. As such, the district court did not abuse its discretion in admitting the testimony pursuant to I.C.R. 43.2.

Even if the district court abused its discretion in allowing the forensic scientist to testify by video teleconference, any error was harmless. Error is not reversible unless it is prejudicial.

4

*State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). A defendant appealing from an objected-to, nonconstitutionally based error shall have the duty to establish that such an error occurred, at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). In other words, the error is harmless if the Court finds that the result would be the same without the error. *Id*.

Looking at the entire record, including the evidence produced at trial, this Court can conclude beyond a reasonable doubt that Hartman would have been convicted had the forensic scientist testified in-person. At trial, one witness testified that around five in the morning while driving on the interstate, she saw a car cut across several lanes of traffic, hit a concrete guardrail, cut through multiple lanes of traffic again, and hit another guardrail. An Idaho State Police officer testified that he arrived at the scene following the paramedics and that when he arrived the driver and sole occupant of the car, Hartman, had been moved into an ambulance. The officer testified that he was unable to perform any field sobriety tests on Hartman because he was taken to the hospital with life-threatening injuries. Before Hartman was taken to the hospital, he agreed to provide a blood sample for testing.

An emergency room nurse testified that he took samples of Hartman's blood at the hospital and that Hartman had not been provided any medications, including methamphetamine and Zolpidem (commonly known as Ambien), prior to the blood draw. The forensic scientist testified by video teleconference that Hartman's blood tested positive for methamphetamine, amphetamine, and Zolpidem.

Hartman testified that he took Ambien the night before the accident and that aside from his recollection of swerving to avoid another vehicle, he did not remember much about the accident. Hartman also testified that he had been taking an inhaler and over-the-counter cold medications for the week leading up to the accident. On rebuttal, the State called a pharmacologist who testified that none of the medications Hartman used contained methamphetamine or would result in a positive blood test for methamphetamine.

5

The substance of the forensic scientist's in-person testimony would have been virtually, if not actually, identical to the testimony she gave via two-way video teleconferencing. In neither the forensic scientist's testimony nor the attorneys' closing arguments was the forensic scientist's credibility, knowledge or expertise, testing methods, or test results challenged. Furthermore, in addition to the forensic scientist's testimony, the State presented multiple witnesses who testified to Hartman's wildly erratic driving pattern when he swerved across several lanes of traffic, hit a concrete barrier, swerved back across several lanes of traffic, and crashed into a metal barrier. The State also presented the testimony of the Idaho State Police officer who testified that when he arrived at the scene of the accident, Hartman was the driver and sole occupant of the vehicle.

Reviewing the record as a whole, it is clear beyond a reasonable doubt that the jury would have returned a verdict of guilty if the forensic scientist had testified in-person rather than by two-way video. Therefore, any error in allowing the forensic scientist to testify via two-way video was harmless. The district court's judgment of conviction is affirmed.

## IV.
## CONCLUSION

The district did not abuse its discretion in allowing the State's forensic scientist to testify via two-way video. Even if the district court erred in permitting two-way video testimony, any such error was harmless. Accordingly, we affirm Hartman's judgment of conviction.

Judge GRATTON and Judge LORELLO **CONCUR**.

6