**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket Nos. 46894/46995**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: April 5, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| CARMEN MARTINEZ, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. George A. Southworth, District Judge.

Judgment of conviction for felony possession of a controlled substance, possession of paraphernalia, and reckless driving, <u>affirmed</u>; appeal from judgment of conviction for felony possession of a controlled substance, <u>dismissed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

In these consolidated appeals, Carmen Martinez appeals from her judgment of conviction for felony possession of a controlled substance, Idaho Code § 37-2732(c)(1); possession of paraphernalia, I.C. § 37-2734A; and reckless driving, I.C. § 49-1401(1) (Docket No. 46894), and also her subsequent judgment of conviction for felony possession of a control substance, I.C. § 37-2732(c)(1) (Docket No. 46995). Martinez concedes her notice of appeal in Docket No. 46995 was untimely. Accordingly, we dismiss that appeal and address only Martinez's assertion in Docket No. 46894 that the district court violated Idaho Rule of Evidence 404(b) by admitting excerpts of a video from an officer's body camera in evidence. We reject this argument and affirm the judgment of conviction in Docket No. 46894.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In May 2018, a concerned citizen called 911 to report another vehicle driving in a reckless manner. In response, Officer Herman stopped Martinez, whose vehicle matched the description the 911 caller gave dispatch. After Officer Herman made contact with Martinez, Officer Herman requested a drug dog and, in response, Officer Friedli and a drug dog arrived on the scene. Officer Curtis also responded and assisted as a "cover officer," which included monitoring Martinez's conduct from the passenger side of her vehicle. All three officers wore body cameras which were activated during the stop.

After the drug dog alerted on Martinez's vehicle, Officer Friedli searched the vehicle's interior and located a pink pouch in the center console containing drug paraphernalia and methamphetamine. Meanwhile, Officer Herman had Martinez exit the vehicle and perform field sobriety tests. Following these tests, Officer Herman determined Martinez was not under the influence of anything and discontinued investigating whether she was driving under the influence (DUI). Martinez, however, was charged with felony possession of methamphetamine, possession of paraphernalia, and reckless driving.

Martinez pled not guilty to these charges and proceeded to trial. The day before trial, the State filed a Rule 404(b) notice. The notice stated the State intended to use "evidence that may at least potentially constitute other crimes, wrongs or acts" subject to Rule 404(b). Further, the notice stated "the particulars are contained in the discovery" the State provided, and it "generally" referred to "video evidence." As it relates to this appeal,[1] the State described the "video evidence" as showing Martinez's behavior and demeanor during the traffic stop, including that she was "repeatedly licking her lips, behaving erratically or irregularly and/or showing erratic or irregular emotion(s), and/or showing other behavior(s) and/or physical manifestation(s) which potentially could lead one or more jurors to speculate or conclude [Martinez] uses one or more drug(s), even methamphetamine."

The State denied, however, that the evidence to which the Rule 404(b) notice generally referred was actually subject to Rule 404(b). Specifically, the notice stated "by giving this

---

[1]     In the Rule 404(b) notice, the State also references "video evidence" showing Martinez's association with drug users, the 911 caller's observations of Martinez's driving in Ada County before entering Canyon County, and unspecified redactions of the "video evidence."

notice, [the State] is not conceding that any of the evidence mentioned . . . is evidence of 'other crimes, wrongs, or acts.'" Finally, the notice stated "the evidence of [Martinez's] behavior" is "relevant to showing [Martinez] knew of the substance in her vehicle and knew that it was a controlled substance."

The day after the State filed its Rule 404(b) notice--the first day of trial--the district court addressed several pretrial evidentiary matters, including the notice. Martinez's counsel objected to the notice as untimely, stating:

> I think it just needs to be outright denied. And in trial if something is possibly 404(b), I still have my objection. . . . I think it just needs to be denied as untimely like this pleading doesn't exist, and we'll deal with these if they come up in trial.

Addressing the "evidence of [Martinez's] behaviors that might be consistent with somebody using drugs," the district court ruled:

> Well, that's part of the stop, part of the situation the officers were faced with, part of legitimate evidence in trial, especially as it appears [Martinez] is claiming that she did not know drugs were in the car. They were not her drugs, that that's the defense. I think that evidence is relevant on that. Plus it's just part of the whole facts of the stop and what led to the drug dog being brought in and discovery of the other evidence anyway. So I think it's essential and has real probative value.

Further, the court ruled evidence of Martinez's behavior "is not really 404(b) evidence. . . . It's allowed outside the requirement of 404(b)."

After this ruling, Martinez's counsel expressed his frustration with the State's numerous disclosures during the week before trial. In response, the prosecutor stated that the State's conduct "probably supports a continuance of the trial if the defense wants that," although the record is unclear to what conduct the prosecutor was referring. After consulting with Martinez, however, Martinez's counsel stated he was prepared to proceed to trial and declined the offer of a continuance.

At trial, the State moved to admit two excerpts of Officer Herman's body camera video, Exhibits 1 and 2, into evidence. Martinez's counsel expressly stated "[n]o objection" to the admission of these exhibits in response to the district court's inquiry. Exhibit 1 shows Officer Herman's initial contact with Martinez, including Martinez taking documentation from a black purse in her lap and providing it to Officer Herman. Exhibit 2 shows Officer Herman asking Martinez if she knew why he stopped her and if she was under the influence of alcohol, drugs, or medication and her responses to those questions. Exhibit 2 also shows Martinez holding the pink

pouch in which Officer Friedli subsequently discovered methamphetamine and drug paraphernalia. The State also admitted into evidence the videos from Officer Friedli's body camera and from Officer Curtis's body camera, Exhibits 4 and 6 respectively. As with Exhibits 1 and 2, Martinez's counsel expressly stated he had "no objection" to the admission of either Exhibit 4 or 6.

The jury returned guilty verdicts on all counts. Martinez timely appeals her conviction resulting from this verdict.[2]

## II.

## ANALYSIS

Martinez challenges the district court's ruling on the State's Rule 404(b) notice. Rule 404(b)(1) provides that "evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." An exception to this rule, however, is that "this evidence may be admissible for another purpose" including, for example, proving knowledge. I.R.E. 404(b)(2). If the prosecutor intends to admit "evidence of a crime, wrong, or other act" at trial, the prosecutor must "file and serve reasonable notice of the general nature of any such evidence" and "do so reasonably in advance of trial" or if during trial "for good cause shown." I.R.E. 404(b)(2)(A), (B).

On appeal, Martinez notes the State filed its Rule 404(b) notice "less than 24 hours" before trial; the evidence shows Martinez "appears to be drunk or high during her traffic stop [and] is bad-act evidence within the meaning of Rule 404(b);" and "the district court plainly erred in ruling that video evidence depicting [Martinez] behaving strangely during her traffic

---

[2] Before the entry of a judgment of conviction on this verdict, Martinez incurred additional criminal charges in another case, Docket No. 46995, including felony possession of a controlled substance, misdemeanor possession of a controlled substance, possession of paraphernalia, and a persistent violator enhancement. Martinez entered an *Alford* plea to possession of a controlled substance in exchange for the dismissal of the remaining charges in this subsequent case. *See North Carolina v. Alford*, 400 U.S. 25, 37 (1970) ("An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime."). The district court conducted a single sentencing hearing on both cases, and Martinez filed a notice of appeal in both cases, which were consolidated for purposes of this appeal. Because Martinez concedes the notice of appeal in Docket No. 46995 was untimely and consequently does not assert any appellate challenges in that case, we dismiss that appeal.

4

stop, as if under the influence [of] alcohol or drugs, was not bad-act evidence within the meaning of Rule 404(b)." In support of this argument, Martinez does not specifically identify the evidence she contends was inadmissible--other than citing to the excerpts from Officer Herman's video, Exhibits 1 and 2. Martinez does not challenge the admission of Exhibits 4 and 6 on appeal. Accordingly, we address only whether the court erred by admitting Exhibits 1 and 2.

The State does not dispute that its Rule 404(b) notice was untimely. Instead, the State argues Martinez failed to preserve her Rule 404(b) challenge for appeal because she remained "explicitly neutral" on whether the video evidence the Rule 404(b) notice generally identifies actually constituted evidence subject to Rule 404(b). Alternatively, the State argues Martinez waived any substantive objection by expressly stating "no objection" when the State sought to admit the video evidence at trial. Because we agree with the State's latter argument, we do not address either its former argument or Martinez's argument that the district court erred by concluding the video evidence is not Rule 404(b) evidence.

Addressing whether Martinez waived any substantive objection by expressly stating "no objection" to the admission of Exhibits 1 and 2 at trial, we note both parties rely on case law discussing a party's obligation to continue to object to the admission of evidence at trial after the denial of a motion to exclude that evidence. Martinez relies on this case law despite that she did not actually move in limine to exclude Exhibits 1 and 2. Regardless, we analyze Martinez's challenge under this case law because both parties rely on it.

"[T]he denial of a motion in limine generally preserves an issue for appeal." *State v. Gray*, 129 Idaho 784, 793, 932 P.2d 907, 916 (Ct. App. 1997). If the trial court unqualifiedly denies a motion in limine, the party opposing the evidence's admissibility is not required to object to the evidence again at trial to preserve the issue for appeal. *State v. Hester*, 114 Idaho 688, 700, 760 P.2d 27, 39 (1988); *see also* I.R.E. 103(b) ("Once the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal."). Even if the denial of a pretrial motion preserves an evidentiary objection for appeal, however, the objection may be waived at trial. *Gray*, 129 Idaho at 794, 932 P.2d at 917; *see also Davidson v. Beco Corp.*, 112 Idaho 560, 564, 733 P.2d 781, 785 (seminal case ruling that "the motion will serve as a continuing objection unless counsel plainly abandons the objection by his subsequent words or conduct"), *rev'd on other grounds*, 114 Idaho 107, 753 P.2d 1253 (1987).

5

A review of the record in this case demonstrates Martinez did not object to the substance of Exhibits 1 and 2; she only objected to the timeliness of the State's Rule 404(b) notice. As stated above, Exhibit 1 shows Martinez taking documentation from a black purse in her lap and providing it to Officer Herman. Exhibit 2 subsequently shows Martinez talking to Officer Herman while holding the pink pouch later found to contain methamphetamine and drug paraphernalia. During opening argument, Martinez's counsel specifically previewed this evidence for the jury:

> [Y]ou're going to see some evidence today that may conclude [sic] you to believe [Martinez] knew the pouch, the purse was there. But what you're also going to see is that [Martinez's] purse was not pink, red, orange. [Martinez's] purse was black. And it was in her lap when she was talking to law enforcement. You're going to see her reach into that purse to grab her driver's license. You're not going to see her open that pouch at any time.

Thereafter, Martinez's counsel expressly stated "no objection" each time the State moved to admit the video evidence subject to its Rule 404(b) notice, including Exhibits 1, 2, 4, and 6. Then, during closing, Martinez's counsel reiterated that the video evidence does not show Martinez opening the pouch: "We don't see her get into the pouch. We don't have evidence knowing that she knows what's in the pouch."

The express statements of Martinez's counsel that he did not object to the admission of Exhibits 1 and 2 in evidence waived any substantive Rule 404(b) objection to those Exhibits. *See Gray*, 129 Idaho at 794, 932 P.2d at 917 (ruling objection may be waived despite denial of motion in limine); *see also Davidson*, 112 Idaho at 564, 733 P.2d at 785 (noting counsel may abandon continuing objection preserved by denial of motion in limine by his subsequent words or conduct). The preview of Exhibits 1 and 2 by Martinez's counsel during opening argument, his unequivocal statements that he did not object to any of the video evidence, and his comments during closing argument demonstrate that Martinez's nonobjection to Exhibits 1 and 2 was neither unintentional nor inadvertent. Instead, a review of the record indicates Martinez's decision not to object to the substance of the video evidence was intentional and strategic. Consequently, Martinez cannot now challenge on appeal the admission of Exhibits 1 and 2 as erroneous.

In an effort to avoid this result, Martinez argues that "merely stating 'no objection'" "is not a plain abandonment of the objection" but rather "merely a recognition of the district court's prior order" and that "there is nothing else counsel could say, other than to needlessly re-argue

the motion in limine." We disagree for two reasons. First, although Martinez's counsel likely could not have remained silent in response to the court's inquiry for a response to the State's motion to admit the videos, counsel could have simply stated he had no objection other than his pretrial objection to the timeliness of the State's Rule 404(b) notice.

Second, during the pretrial discussion about the State's Rule 404(b) notice, Martinez's counsel indicated he intended to reserve for trial his specific Rule 404(b) objections including, for example, stating "I think it just needs to be denied as untimely like this pleading doesn't exist, and we'll deal with [the Rule 404(b) objections] if they come up in trial." To the extent that either this statement or the district court's inquiry about Martinez's response to the State's motion to admit the videos at trial suggested the court's pretrial ruling was not definitive, Martinez's counsel had the obligation to clarify the ruling rather than expressly stating "no objection" to the admission of Exhibits 1 and 2. *See* I.R.E. 103(b) (providing no need to renew objection if ruling is definitive). Accordingly, we hold that Martinez waived her challenge to the substantive admissibility of Exhibits 1 and 2 by affirmatively stating during trial that she had no objection to their admission.

Moreover, even if Martinez had not waived her challenge, any purported error in admitting Exhibits 1 and 2 was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). The Idaho Supreme Court clarified the harmless error standard in *State v. Garcia*, 166 Idaho 661, 462 P.3d 1125 (2020). "Harmless error is 'error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.'" *Id.* at 674, 462 P.3d at 1138 (quoting *Yates v. Evatt*, 500 U.S. 391, 403 (1991)). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.*

Martinez describes Exhibits 1 and 2 as showing "[s]he was fidgety, inarticulate, and unfocused; she appeared scattered in her thoughts; her speech sounded off and her mouth movements appeared exaggerated; [and] she gesticulated excessively with an unlit cigarette." As a result, Martinez contends Exhibits 1 and 2 clearly show she appears "drunk or high" during the traffic stop. We disagree with this description of Martinez's behavior and also with her assertion

that this behavior constitutes evidence subject to Rule 404(b). Regardless, any purported error in admitting Exhibits 1 and 2 is harmless for two reasons.

First, Exhibits 1 and 2 depict evidence which is cumulative of other unchallenged evidence of Martinez's erratic behavior. *See State v. Gerardo*, 147 Idaho 22, 27, 205 P.3d 671, 676 (Ct. App. 2009) (concluding error was harmless because erroneously admitted evidence was merely cumulative). For example, the 911 caller testified about Martinez's erratic driving behavior. According to the 911 caller's testimony, Martinez ran numerous stop signs, drifted into the oncoming lane numerous times, drifted off the right-hand side of the road multiple times, came within inches of hitting telephone poles, almost hit mailboxes, and almost hit a railroad crossing sign. Also, Exhibits 4 and 6 both provide a view of Martinez's behavior during the stop while speaking with Officer Herman, albeit from different angles and without audio. Based on this unchallenged evidence, the jury could have possibly considered whether Martinez was intoxicated even if the district court had excluded Exhibits 1 and 2.

Second, the jury's consideration, if any, of whether Martinez was intoxicated based on Exhibits 1 and 2 did not likely have any impact on the jury's verdict for several reasons. For example, Officer Herman specifically testified on cross-examination that he determined Martinez was not under the influence:

> [Defense counsel:] And when speaking with [Martinez], you saw some signs that made you believe that she might be intoxicated; is that right, Officer?
>
> [Officer Herman:] That's correct.
>
> . . . .
>
> [Defense counsel:] And you pulled her out of the vehicle and asked her to do field sobriety tests; is that correct?
>
> [Officer Herman:] Yes.
>
> [Defense counsel:] And then at that point you discontinued the DUI investigation; is that correct, Officer?
>
> [Officer Herman:] That is correct.
>
> . . . .
>
> [Defense counsel:] . . . So Officer, did you determine that she wasn't under the influence of anything?
>
> [Officer Herman:] Yes.

Further, the State never charged Martinez with DUI. Finally, the district court instructed the jury to consider the elements of the crimes charged, which did not include DUI, and we presume the jury followed these instructions and did not convict Martinez for being intoxicated. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997) (presuming jury

followed jury instructions); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996) (same). Accordingly, any purported error in admitting Exhibits 1 and 2 is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, did not contribute to the verdict rendered, and is harmless.

## III.

## CONCLUSION

We hold Martinez waived her substantive challenge to Exhibits 1 and 2 under Rule 404(b) by affirmatively not objecting to their admission at trial. Moreover, any purported error in admitting Exhibits 1 and 2 was harmless. Therefore, we affirm Martinez's judgment of conviction for felony possession of a controlled substance, possession of paraphernalia, and reckless driving. Further, we dismiss Martinez's appeal in Docket No. 46995 as untimely.

Judge GRATTON and Judge LORELLO **CONCUR**.