**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49993**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | |
| | ) | **Filed: February 6, 2024** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| ISIDRO L. RODRIGUEZ, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Matthew J. Roker, District Judge.

Judgments of conviction for felony possession of a controlled substance and possession of drug paraphernalia, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Isidro L. Rodriguez appeals from his judgments of conviction for felony possession of methamphetamine and misdemeanor possession of drug paraphernalia. Rodriguez contends the district court abused its discretion in admitting evidence under Idaho Rule of Evidence 404(b). Because any alleged error in admitting the evidence was harmless, the judgments of conviction are affirmed.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An Idaho State Police trooper stopped Rodriguez for committing a traffic infraction. Rodriguez verbally identified himself to the trooper. While Rodriguez searched for his identification, the trooper engaged Rodriguez in conversation. The trooper described Rodriguez as very nervous and shaking. During the conversation, the trooper asked Rodriguez about the

1

presence of drugs and if he had ever used methamphetamine. Rodriguez said he used methamphetamine the month prior. The trooper then determined that Rodriguez was driving on a suspended license. The trooper arrested Rodriguez, called a tow truck, and while waiting, inventoried the contents of Rodriguez's vehicle. The trooper found a glass pipe used for smoking methamphetamine wedged between the center console and the front passenger seat. The pipe was partially tucked inside a sunglasses case; a small plastic bag containing a white crystalline substance was also inside the sunglasses case. The trooper recognized the substance was likely methamphetamine. The trooper asked Rodriguez about the substance, and Rodriguez said he got it in California. Other property identified as Rodriguez's was touching the glass pipe and sunglasses case.

The State charged Rodriguez with felony possession of methamphetamine, Idaho Code § 37-2732(c)(1), and misdemeanor possession of drug paraphernalia, I.C. § 37-2734A. Thereafter, a jury trial was held where the trooper testified that Rodriguez stated he used methamphetamine the month prior; Rodriguez objected to the question on the grounds of foundation and I.R.E. 404(b); and the district court overruled the objection. The trooper also testified that Rodriguez stated that he had gotten the methamphetamine in California; Rodriguez objected on the grounds of foundation and I.R.E. 404(b); and the district court overruled the objection. A portion of the trooper's audio recording of his conversation with Rodriguez was also admitted over Rodriguez's foundation and I.R.E. 404(b) objections. Ultimately, the jury convicted Rodriguez of both counts. Rodriguez timely appealed.

## II.

## STANDARD OF REVIEW

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error. *Id.*

2

If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

### III.

### ANALYSIS

Rodriguez challenges only the admission of his statement that he used methamphetamine a month prior as inadmissible I.R.E. 404(b) evidence. The State argues the district court did not err, but even if it did, any error was harmless. We agree that any alleged error in admitting the testimony was harmless.

Harmless error is established where the Court finds that the result would be the same without the error. *State v. Almaraz*, 154 Idaho 584, 598, 301 P.3d 242, 256 (2013). The harmless error standard requires the State to demonstrate the error is harmless beyond a reasonable doubt. *Montgomery*, 163 Idaho at 46, 408 P.3d at 44. Thus, in deciding whether an alleged error is harmless, this Court looks to the entire record and evidence produced at trial to determine whether we can find "the jury actually rested its verdict on evidence establishing the presumed fact beyond a reasonable doubt, independently of the assumed inadmissible evidence." *State v. Joslin*, 166 Idaho 191, 194-95, 457 P.3d 172, 175-76 (2019) (quoting *Yates v. Evatt*, 500 U.S. 391, 404 (1991)).

During trial, there were two pieces of testimony relating to Rodriguez's use of methamphetamine: that he used methamphetamine a month prior and that he got the methamphetamine found in the sunglasses case in California. As to the methamphetamine found in the sunglasses case, the trooper testified that he asked Rodriguez if he acquired the methamphetamine from a local source. During cross-examination, the following exchange made it clear that Rodriguez understood the trooper was asking him about the methamphetamine in the car:

| | |
|---|---|
| Defense counsel: | To get more information about this Methamphetamine that was found in the vehicle just a few moments before; right? |
| Trooper: | I just asked if he bought it local, was all I asked. |

3

| Defense counsel: | But the questions were about the Methamphetamine that was just previously found? |
| Trooper: | Yes, sir. |
| Defense counsel: | Now, did you? Because there had been some discussion earlier that he had smoked methamphetamine or used Methamphetamine about a month prior to this-- |
| Trooper: | Yes. |
| Defense counsel: | --did you clarify with him to make sure he understood that you were talking not about what happened a month ago but that meth right there at that time, the one that you just found? |
| Trooper: | Yes, sir. |
| Defense counsel: | And other than what we heard, how did you--I mean, I know that's what you were asking about, because that's what you just testified to. But do you know how he understood your question? |
| The State: | Objection. Calls for speculation. |
| Defense counsel: | No. The question is, does he know, not what he thinks he thought Mr. Rodriguez knew. |
| The Court: | You may answer the question. |
| Rodriguez: | I had the two pipes and the meth with me in the vehicle while we were talking about it.[1] |

The trooper also testified that Rodriguez was the driver and sole occupant of the vehicle in which methamphetamine and paraphernalia were found. The paraphernalia was next to the vehicle's center console and visible to the trooper. The sunglasses case, which contained the pipe and methamphetamine, was touching some of Rodriguez's other personal property. Rodriguez appeared very nervous, and he was shaking during his encounter with the trooper; a demeanor that struck the trooper as out of the ordinary and led the trooper to ask about drugs. Thus, even if Rodriguez's statement about his prior use was inadmissible, the jury could still consider Rodriguez's statement about obtaining the methamphetamine in California; the fact that he was the only one in the vehicle and his property was touching the contraband; and all the other evidence regarding Rodriguez's demeanor. As noted above, Rodriguez only challenges the admission of his statement that he used methamphetamine a month prior to the stop.

As such, in weighing the probative force of the evidence in the record as a whole, while excluding the statement regarding Rodriguez's prior use, while at the same time comparing the

---

[1] While it is clear the questions were not directed to Rodriguez, his interjection about the methamphetamine cleared up any confusion about whether Rodriguez understood to which methamphetamine the trooper was referring.

probative force of the record against the probative force of the error, we find any alleged error is minimal and did not contribute to the verdict. The result in this case would have been the same without the admission of Rodriguez's statement regarding prior use of methamphetamine; thus, any alleged error was harmless.

**IV.**

**CONCLUSION**

Even assuming the district court erred in admitting Rodriguez's statement regarding his prior use of methamphetamine, any such alleged error was harmless. We affirm the judgments of conviction.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.