**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51476**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: October 16, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| NUBIA GIZEL NEGRETE, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Derrick J. O'Neill, District Judge.

Judgment of conviction for felony malicious injury to property, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Nubia Gizel Negrete appeals from her judgment of conviction for felony malicious injury to property. Negrete claims the district court erred in allowing hearsay testimony at trial. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

The State charged Negrete with felony malicious injury to property, Idaho Code § 18-7001(2), alleging that on September 20, 2022, Negrete caused over $1,000 in damage to Kirsten Pruett's car by scratching the exterior paint, scratching the word "whore" into the driver's side door, and cracking the windshield with a rock. At trial, the State elicited testimony from Negrete's former boyfriend, Michael Lambert, regarding a conversation he had with Pruett after the incident. Negrete objected on hearsay grounds, which the district court overruled. The witness testified:

1

> I told her that I think that my girlfriend did this to your car and I just wanted to try to rectify the situation before it--you know, police get involved or before the landlord gets involved or before anything, you know, happens, you know.

The jury found Negrete guilty. Negrete appeals.

## II.

## STANDARD OF REVIEW

Generally, the appellate courts review a hearsay challenge for an abuse of discretion. *State v. Christensen*, 166 Idaho 373, 378, 458 P.3d 951, 956 (2020). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the trial court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

## III.

## ANALYSIS

Negrete claims that the district court erred in overruling her objection to Lambert's testimony regarding his conversation with Pruett. The State acknowledges that the district court erred but contends that the error is harmless.[1] We agree that the error is harmless.

Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, nonconstitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as

---

[1]     Hearsay is a statement that the declarant "does not make while testifying at the current trial or hearing" that is offered "to prove the truth of the matter asserted." Idaho Rule of Evidence 801(c). Generally, a witness's testimony relaying their own prior statement is hearsay if offered for the truth of the matter asserted in the statement. *State v. Miller*, 157 Idaho 838, 844, 340 P.3d 1154, 1160 (Ct. App. 2014). Hearsay is not admissible unless otherwise permitted by another rule. I.R.E. 802. Lambert's statement to Pruett that he believed Negrete damaged Pruett's car was an out-of-court statement offered to prove the truth of the matter asserted. The State did not offer any non-hearsay purpose for the statement, nor did it argue that any hearsay exception applied under which the statement would be admissible.

2

revealed in the record. *State v. Garcia*, 166 Idaho 661, 674, 462 P.3d 1125, 1138 (2020). This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

Turning to the probative force or prejudicial effect of the error, Lambert's statement to Pruett that Negrete caused the damage to Pruett's car is relevant to Negrete's guilt and has some prejudicial effect. Negrete did not deny the damage to Pruett's car but denied having caused the damage. While Negrete bears no burden in the harmless error analysis, Negrete makes no argument as to the effect of the error in relation to the verdict.

On the other hand, the probative force of the record as a whole, excluding the erroneously admitted testimony, supporting Negrete's guilt beyond a reasonable doubt is substantial. Pruett, who lived in an apartment next door to Negrete, testified that on September 20 she heard Negrete and Lambert arguing and Lambert saying, "why did you do it, over and over." Negrete told Lambert that she would "take care of it tomorrow." Lambert testified that Negrete believed she would be able to fix the damage or could use some type of substance so it would not be visible. An investigating officer testified that two months after the incident, Lambert called her and provided her with text messages from Negrete stating: "She won't even know," "She won't know okay; just keep quiet," "Came right off," "I don't like her though," and "It's cleaned completely."

Lambert testified that, on September 20, Negrete accused him of cheating on her with Pruett. Lambert testified that Negrete "said that she is not going to like what happened to her car--or something along those lines--she's not going to like when she sees her car." Lambert left for the night and, as he was leaving, he saw damage to the driver's side door of Pruett's car. A neighbor who also lived next to Negrete's apartment testified that, on September 20, he heard Negrete and Lambert arguing about Lambert having an affair with Pruett, Lambert calling Pruett "a whore," and talking about "damage to a vehicle." He testified that another evening he heard Negrete and Lambert arguing about Negrete scratching or keying the car, a rock being thrown at

3

the car, Negrete trying to fix the scratches, and Negrete saying that she scratched the car because she thought Lambert was sleeping with Pruett.

The effect of the error in admitting Lambert's hearsay statement was minimal when compared to the probative force of the record establishing Negrete's guilt beyond a reasonable doubt without the error. The erroneously admitted testimony was largely cumulative of other unobjectionable evidence. Accordingly, the State has met its burden of establishing, beyond a reasonable doubt, that the erroneously admitted evidence did not contribute to the guilty verdict. Thus, the error was harmless.

## IV.
## CONCLUSION

The district court erred in admitting Lambert's hearsay testimony. However, the error was harmless beyond a reasonable doubt. Therefore, we affirm Negrete's judgment of conviction.

Judge LORELLO and Judge TRIBE **CONCUR**.