**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49043**

| | |
|---|---|
| STATE OF IDAHO, ) | |
| ) | Filed: December 30, 2022 |
| Plaintiff-Respondent, ) | |
| ) | Melanie Gagnepain, Clerk |
| v. ) | |
| ) | THIS IS AN UNPUBLISHED |
| JOHN ETHAN D'ARCY, ) | OPINION AND SHALL NOT |
| ) | BE CITED AS AUTHORITY |
| Defendant-Appellant. ) | |
| ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Jonathan Medema, District Judge.

Judgment of conviction and order denying Idaho Criminal Rule 35 motion, affirmed.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

John Ethan D'Arcy appeals from the judgment of conviction following his conviction for aggravated assault committed with the use of a deadly weapon. On appeal, D'Arcy alleges the district court erred in admitting the testimony of D'Arcy's roommate, Celeste Walker, who testified about certain racist and anti-Semitic statements D'Arcy made prior to assaulting her. D'Arcy also argues the district court erred in imposing an excessive sentence and denying his Idaho Criminal Rule 35 motion. D'Arcy has failed to show the district court erred in admitting the statements during his trial, imposing the sentence, or denying his Rule 35 motion. The judgment of conviction and order denying D'Arcy's Rule 35 motion are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Walker rented rooms to D'Arcy and Babetta Kelley. One evening, Walker and D'Arcy were drinking alcohol and talking while Kelley was sleeping. During the conversation, D'Arcy made generalized racist and anti-Semitic statements and pledged his allegiance to Adolf Hitler. The conversation degenerated into a verbal altercation during which D'Arcy made specific racist and anti-Semitic remarks towards Walker; D'Arcy accused Walker of being "one of them" (a Jewish person) and told Walker she had to die because she was Jewish. D'Arcy then grabbed Walker by the throat and a scuffle ensued. At some point during the altercation, Walker called 911, but lost control of the phone during the call. Walker also went into Kelley's room, woke Kelley, and asked Kelley to call 911. Kelley did so, walked back out to assist Walker, and described the assault in real-time to the 911 operator. At one point during the scuffle, D'Arcy again told Walker he was going to kill her and threatened her with a knife. Walker was able to disarm D'Arcy, sustaining abrasions on her throat and a small cut on her finger. When officers arrived, D'Arcy told Walker that if D'Arcy had a gun, he would shoot her.

D'Arcy was arrested and charged with aggravated assault, Idaho Code §§ 18-901(b), -905(a), committed with the use of a deadly weapon, I.C. § 19-2520. At trial, Walker testified about the events of the evening, including the argument with D'Arcy about whether she was Jewish. Over D'Arcy's various objections,[1] Walker testified about the generalized racist and anti-Semitic statements D'Arcy made, as well as the specific racist and anti-Semitic statements he made against her. The jury found D'Arcy guilty of aggravated assault with the use of a deadly weapon, and the district court sentenced D'Arcy to a unified period of incarceration of eight years, with four years determinate. D'Arcy appeals.

## II

## STANDARD OF REVIEW

The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion. *State v. Folk*, 162 Idaho 620, 625, 402 P.3d 1073, 1078 (2017). When a trial

---

[1]     At trial, D'Arcy objected to Walker's testimony on relevance, Idaho Rule of Evidence 403, and hearsay grounds; on appeal, he challenges the district court's admission of the evidence only pursuant to I.R.E. 403; thus, we need not address the other objections.

court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *State v. Herrera*, 164 Idaho 261, 270, 429 P.3d 149, 158 (2018).

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable and, thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

# III.

## ANALYSIS

D'Arcy alleges the district court erred by admitting Walker's testimony about the racist and anti-Semitic statements D'Arcy made on the night of the assault, imposing an excessive sentence, and denying his Rule 35 motion. In response, the State argues the district court did not err.

## A.     The District Court Did Not Err in Admitting the Challenged Testimony

D'Arcy argues the district court did not act consistently with existing legal principles or exercise reason when admitting Walker's testimony about the racist and anti-Semitic statements D'Arcy made on the night of the assault because the probative value of the evidence was minimal and substantially outweighed by the unfair prejudicial effect. Specifically, D'Arcy argues:

> [his] statements before and during the confrontation were only minimally probative. The question before the jury was not why Mr. D'Arcy and Ms. Walker engaged in a verbal disagreement, or even what precipitated the physical altercation--the issue before the jury was whether Mr. D'Arcy threatened Ms. Walker with a knife.

Thus, D'Arcy argues the challenged statements should have been excluded pursuant to Idaho Rule of Evidence 403. In response, the State argues the statements were relevant and probative to the verbal and physical threats made by D'Arcy towards Walker and whether she had a well-founded fear that violence was imminent and that while the statements may be prejudicial, the level of prejudice does not rise to the level of unfair prejudice. The State further argues that because D'Arcy does not challenge whether the statements were relevant and probative, and because the admission of the evidence is not limited to addressing only a disputed issue, D'Arcy has failed to show the district court erred.

Evidence must be relevant to be admissible at trial. I.R.E. 402. Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." I.R.E. 401. Whether a fact is 'of consequence' or material is determined by its relationship to the legal theories presented by the parties." *State v. Garcia*, 166 Idaho 661, 670, 462 P.3d 1125, 1134 (2020) (citations omitted). Relevant evidence is admissible unless the Idaho Rules of Evidence, or other rules applicable in the courts of this state, provide otherwise. I.R.E. 402. Under I.R.E. 403, a trial court may exclude the evidence if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting

4

cumulative evidence." The Idaho Supreme Court has explained the weighing process that a district court must use in determining whether to admit or exclude evidence under I.R.E. 403:

> On one hand, the trial judge must measure the probative worth of the proffered evidence. The trial judge, in determining probative worth, focuses upon the degree of relevance and materiality of the evidence and the need for it on the issue on which it is to be introduced. At the other end of the equation, the trial judge must consider whether the evidence amounts to unfair prejudice. . . . Only after using this balancing test, may a trial judge use his discretion to properly admit or exclude the proffered evidence.

*Davidson v. Beco Corp.*, 114 Idaho 107, 110, 753 P.2d 1253, 1256 (1987) (citations omitted).

D'Arcy acknowledges evidence of his racist and anti-Semitic statements made during the night of the assault is relevant, but argues the statements should have been excluded under I.R.E. 403 because they are only "minimally" probative under I.R.E. 403 and their probative value is substantially outweighed by the danger of unfair prejudice. We disagree.

First, the challenged statements are more than minimally probative because, contrary to D'Arcy's assertion, the issue before the jury was not whether he "threatened Ms. Walker with a knife." The issue was whether D'Arcy committed an assault, which requires more than just a threat. An assault is committed "when a person intentionally and unlawfully threatens by word or act to do violence to the person of another, with an apparent ability to do so, and does some act which creates a well-founded fear in the other person that such violence is imminent." Walker testified that she had lived with D'Arcy for three months prior to the night in question with no issues. Thus, the challenged testimony explained why it was reasonable for Walker to believe the threat was imminent, despite no history of disagreements between the two. In the conversation preceding the assault, D'Arcy made generalized racist and anti-Semitic comments, said certain ethnic groups should die, and then made specific racist and anti-Semitic statements to Walker, including telling her she needed to die because she was Jewish. Thus, Walker's testimony regarding D'Arcy's racist and anti-Semitic statements that evening is highly probative of whether Walker had a "well-founded" fear of an imminent attack.[2]

---

[2] Even if the only disputed issue was whether D'Arcy assaulted Walker by threatening her with a knife, there is no requirement that the admission of relevant and probative evidence be limited only to a disputed issue. *State v. Garcia*, 166 Idaho 661, 671, 462 P.3d 1125, 1135 (2020) (noting "there is no requirement that evidence be relevant only to a disputed issue under I.R.E. 401, only that evidence be probative and material").

Second, the district court conducted the I.R.E. 403 balancing test and found the probative value of the challenged statements was not substantially outweighed by the danger of unfair prejudice. In its I.R.E. 403 analysis, the district court reasoned that the challenged statements:

> suggest this is why [Walker and D'Arcy are] having the confrontation, outweighs any danger that [the jury will] simply decide he's a horrible human and disregard the court's instructions and convict him of a crime simply because they don't like the words he chooses to use, so the danger of unfair prejudice is outweighed by the probative value of the evidence.

We find no error with this conclusion. The only prejudice identified by the district court was that the jury would dislike D'Arcy because of the word choices he used. The district court found this was not unfair prejudice and subsequently instructed the jury that "neither sympathy nor prejudice should influence you in your deliberations." We presume the jury followed the district court's instructions. *See State v. Kilby*, 130 Idaho 747, 751, 947 P.2d 420, 424 (Ct. App. 1997); *State v. Hudson*, 129 Idaho 478, 481, 927 P.2d 451, 454 (Ct. App. 1996). D'Arcy has not pointed to anything in the record that shows the jury disregarded the district court's instruction and convicted him based on the challenged statements.

Thus, the district court correctly applied the relevant law, engaged in the balancing test under I.R.E. 403 in determining that the evidence's probative value was not substantially outweighed by unfair prejudice, and reached its decision by an exercise of reason. Accordingly, the district court did not err in admitting evidence of the racist and anti-Semitic statements D'Arcy made during the night of the assault.

However, even if the district court's admission of the challenged statements constituted an abuse of discretion, any error was harmless. Error is not reversible unless it is prejudicial. *State v. Stell*, 162 Idaho 827, 830, 405 P.3d 612, 615 (Ct. App. 2017). Where a criminal defendant shows an error based on a contemporaneously objected-to, non-constitutional violation, the State then has the burden of demonstrating to the appellate court beyond a reasonable doubt the error did not contribute to the jury's verdict. *State v. Montgomery*, 163 Idaho 40, 46, 408 P.3d 38, 44 (2017). Thus, we examine whether the alleged error complained of in the present case was harmless. *See id.* Harmless error is error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record. *Garcia*, 166 Idaho at 674, 462 P.3d at 1138. This standard "requires weighing the probative force of the record as a whole while excluding the erroneous evidence and at the same time comparing it against the probative force of the error." *Id.* If the error's effect is minimal compared to the probative force of the record

6

establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. *Id.* The reviewing court must take into account what effect the error had, or reasonably may have had, on the jury in the context of the total setting and in relation to all else that happened, which necessarily includes the evidence presented. *Kotteakos v. United States*, 328 U.S. 750, 764 (1946).

If the error's effect is minimal compared to the probative force of the record establishing guilt beyond a reasonable doubt without the error, then the error did not contribute to the verdict rendered and is harmless. The probative force of the evidence of D'Arcy's guilt without the allegedly challenged statements was significant. Both Walker and Kelley testified. Kelley witnessed D'Arcy fighting with Walker, D'Arcy pull a knife from his pocket and threaten Walker with it, and she described the events in real-time during a 911 call. Both a partial 911 call from Walker and the complete 911 call from Kelley were admitted at trial, and the calls corroborated the testimony of both witnesses. Additional evidence, including the officers' testimony and the exhibits documenting Walker's physical injuries, also corroborated Walker's and Kelley's testimony. Accordingly, any alleged error resulting from the admission of D'Arcy's statements was minimal and in the absence of the challenged evidence, the remaining evidence was sufficient to prove beyond a reasonable doubt that D'Arcy committed an aggravated assault with a deadly weapon upon Walker; thus, any alleged error in admitting the challenged statements was harmless.

## B. The District Court Did Not Impose an Excessive Sentence

D'Arcy alleges the district court erred by imposing an excessive sentence. When reviewing the length of a sentence, we consider the defendant's entire sentence. *Oliver*, 144 Idaho at 726, 170 P.3d at 391. Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion in imposing a unified term of incarceration of eight years, with four years determinate.

## C. The District Court Did Not Err in Denying D'Arcy's Rule 35 Motion

Finally, we review whether the district court erred in denying D'Arcy's Rule 35 motion. D'Arcy argues that both his good behavior while housed in the county jail and prison and newly submitted documents clarifying that he did not have a prior felony conviction in Georgia, warrant a reduction of the fixed portion of his sentence from four years to two years. Upon review of the

record, including the new information submitted by D'Arcy, D'Arcy has not shown the district court abused of discretion when it declined to reduce his sentence.

## IV.

## CONCLUSION

The district court did not abuse its discretion in allowing relevant and highly probative testimony regarding statements D'Arcy made before assaulting Walker with a knife. Even if the evidence was erroneously admitted, any error was harmless. The district court did not err in imposing D'Arcy's sentence or in denying his Rule 35 motion. Consequently, the judgment of conviction, the sentence, and the order denying D'Arcy's Rule 35 motion are affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.